IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | CRIMINAL ACTION NO. |
| v. | ) | 2:18cr243-MHT |
| | ) | (WO) |
| **ROBERT REYNOLDS, JR.** | ) | |

## ORDER

Upon consideration of defendant Robert Reynolds, Jr.'s motion for compassionate release (doc. no. 665), the response of the government, and defendant Reynolds's reply, it is ORDERED that the motion is denied.

***

Reynolds sought compassionate release under 18 U.S.C. § 3582(c)(1), which authorizes a court to modify a term of imprisonment in only certain limited circumstances. As relevant here, it states:

> "[T]he court, ... upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may

> impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> > (i) extraordinary and compelling reasons warrant such a reduction; ...
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."

18 U.S.C. § 3582(c)(1)(A).  By using the word "may," the statute vests courts with discretion as to whether to grant a reduction even if the stated conditions are met. Additionally, it requires that the exercise of that discretion be informed by consideration of the factors in 18 U.S.C. § 3553(a) to the extent they are relevant.

The court finds that the 18 U.S.C. § 3553(a) factors weigh against Reynolds's sentence-reduction request.  Reynolds has served only approximately 30 months of his 120-month sentence for offenses including possession of firearm in relation to a drug-trafficking crime.  When he was arrested, two rifles with loaded

high-capacity magazines were found in the car he was driving. *See* 18 U.S.C. § 3553(a)(2)(A), (C). Furthermore, although Reynolds has health conditions which put him at elevated risk of serious complications from COVID-19, the evidence shows that he has already been infected and recovered from COVID-19, that he has and continues to receive regular medical care for his health conditions in prison, including treatment at hospitals and by specialists outside the prison, and that his condition is stable. Therefore, there is no indication that reducing his sentence would help provide medical care in the most effective manner. *See* 18 U.S.C. § 3553(a)(2)(D). Accordingly, the court exercises its discretion to deny the motion.

DONE, this the 15th day of January, 2021.

                                            /s/ Myron H. Thompson
                                    UNITED STATES DISTRICT JUDGE